IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
        Plaintiff,

vs.

Cr. No. 13-2028 JAP

**MIGUEL BUSTAMANTE-CONCHAS,**
        Defendant.

### MEMORANDUM ORDER AND OPINION

In UNITED STATES'MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INFORMING THE JURY OF THEIR STATUTORY MAXIMUM SENTENCES AND HIS ADVISORY GUIDELINE SENTENCES (Doc. No. 56) (Motion), Plaintiff United States of America (the Government) asks the Court to prohibit Defendant Miguel Bustamante-Conchas from mentioning in the jury's presence the maximum sentences permitted under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and under 21 U.S.C. § 846, as well as the advisory sentencing guideline range. Defendant opposes the Motion. *See* DEFENDANTS' RESPONSE TO UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INFORMING THE JURY OF THEIR STATUTORY MAXIMUM SENTENCES AND HIS ADVISORY GUIDELINE SENTENCES [Doc. 56] (Doc. No. 70) (Response). Because the potential consequences of a verdict are not relevant to the jury's determination of guilt or innocence, the Court will grant the motion and will instruct Defendant's counsel to eschew mentioning, in any way, the maximum sentences and the advisory sentencing guideline range.

On June 12, 2013, Mr. Bustamante-Conchas was charged with conspiring to distribute 100 grams of an impure substance containing detectable amounts of heroin,  in violation of 21

U.S.C. § 846. *See* REDACTED INDICTMENT (Doc. No. 2) (Indictment).[1] On December 13,

2013, the Court held a hearing on Mr. Bustamante-Conchas's involvement with the conspiracy

where the Government outlined the theory of its case.  *See* ORDER (Doc. No. 128). According

to the Government, Mr. Bustamante-Conchas directed the conspiracy and is responsible for all

heroin involved in the conspiracy subsequent to the date he entered the conspiracy.  *Id.*

In the Motion, the Government argues that informing the jury of the prospective

punishment Mr. Bustamante-Conchas may face would undermine and negate the Tenth Circuit

bright-line rule that a jury should only be informed of possible punishments if the statute

specifically requires its participation in determining punishment. *United States v. Jones*, 933 F.2d

807, 811 (10th Cir. 1991); *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971). The

Government maintains that informing the jury of potential punishments encourages jury

nullification if the jury perceives the sentence to be too harsh, and such actions tempt the jury to

determine guilt based on a sense of misguided mercy. The Government points out that the Tenth

Circuit has maintained that jury nullification should not be entertained or encouraged if the Court

has the authority to prevent it. *See Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999).

Mr. Bustamante-Conchas contends that he cannot have a proper Sixth Amendment jury

trial without informing the jury of the advisory sentencing guideline range and the maximum

sentence he may face.

Consequences of a guilty verdict are not relevant to the jury's determination of guilt and

may, in fact, prejudice the jury. The Tenth Circuit has laid out clear rules regarding this issue,

---

[1] On June 24, 2014, a grand jury returned a superseding indictment charging Mr. Bustamante-Conchas with conspiring to distribute 1 kilogram of an impure substance containing detectable amounts of heroin, possession with intent to distribute the aforementioned substance, and possession of a firearm in furtherance of those crimes. *See* REDACTED INDICTMENT (Doc. No. 196).

stating that "presenting information to the jury about possible sentencing is prejudicial." *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980). The Tenth Circuit has held that, unless the jury is involved in determining punishment, "the jury shall not be informed of the possible penalties" a defendant may face. *United States v. Parrish,* 925 F.2d 1293, 1299 (10th Cir. 1991) *abrogated on other grounds by United States v. Wacker,* 72 F.3d 1453 (1995). A jury is obligated to "reach its verdict without regard to what sentence might be imposed." *Greer*, 620 F.2d at 1384; *see also Shannon v. United States,* 512 U.S. 573, 579 (1994) ("It is well established that, when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.' ") (quoting *Rogers v. United States,* 422 U.S. 35, 40 (1975)). Finally, district courts have no discretion to instruct juries on sentencing penalties. *United States v. Gehringer,* 385 F. App'x 830, 834 (10th Cir. 2010) (unpublished). Despite Mr. Bustamante-Conchas' arguments about the historical significance of jury nullification, there is no authority or precedent to suggest that the Court should disregard the above cases.

IT IS ORDERED THAT:

1. UNITED STATES'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INFORMING THE JURY OF THEIR STATUTORY MAXIMUM SENTENCES AND HIS ADVISORY GUIDELINE SENTENCES (Doc. No. 56) is granted.

2. Any reference to, or evidence of, the potential sentence is excluded from trial.

SENIOR UNITED STATES DISTRICT COURT JUDGE

3