IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
   Plaintiff,

vs.

                         Cr. No. 13-2028 JAP

**MIGUEL BUSTAMANTE-CONCHAS,**
   Defendant.

**MEMORANDUM OPINION AND ORDER**

In DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' MOTION TO SUPPRESS EVIDENCE DERIVED FROM 1803 TIERRA DEL OSO, N.W. ALBUQUERQUE, N.M. AND VARIOUS CELLULAR TELEPHONES SEIZED THEREFROM AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 162) (Motion), Defendant Miguel Bustamante-Conchas challenges the facial sufficiency of the warrant used to search Defendant's residence. According to Defendant the search warrant (1) is wholly lacking in any indicia of probable cause that evidence of criminal activity would be found at 1803 Tierra Del Oso, N.W., (2) fails to satisfy the particularity requirement in regard to the seizure of cellphones, and (3) is overbroad insofar as it allowed the seizure of documents bearing the name of Pablo Felix-Sicairos, an individual who is not named in the warrant affidavit. The United States (the Government) opposes the Motion. *See* UNITED STATES' RESPONSE TO MOTION TO SUPPRESS EVIDENCE DERIVED FROM 1803 TIERRA DEL OSO, N.W., ALBUQUERQUE, N.M. AND VARIOUS CELLULAR TELEPHONES SEIZED THEREFROM (DOC. 162) (Doc. No. 199) (Response).

Because the Court finds that the warrant is valid, the Court will deny Defendant's Motion.[1]

## I. BACKGROUND

On June 14, 2013, DEA agents executed a search warrant at Defendant's home, 1803 Tierra del Oso, N.W., Albuquerque, New Mexico. The affidavit in support of this search warrant contains three sections: (1) opinion testimony about the type of evidence normally maintained by drug traffickers at their place of residence, (2) a summary of the wiretap investigation of Defendant, which indicates that Defendant was a narcotics trafficker, and (3) information establishing that the premises to be searched, 1803 Tierra del Oso, N.W., was Defendant's residence. *See* Search and Seizure Warrant, Exhibit A to Motion (Doc. No. 162-1 through 162-4). Attachment B to the warrant affidavit contains a list of the items to be seized. *See* Attachment B, Exhibit B to Motion (Doc. No. 162-5).

## II. DISCUSSION

### A. Probable Cause Analysis

Defendant argues that the fruits of the June 14, 2013 search must be suppressed because the warrant affidavit failed to establish a nexus between the alleged crime and the residence to be searched. This argument is unavailing. Because of the strong preference for searches conducted in accordance with a warrant, the district court reviewing a warrant affidavit must "afford great deference to a magistrate's finding of probable cause, reversing only if the affidavit supporting

---

[1] In ruling on the Motion, the Court also considered DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' AMENDED REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND SUPPLEMENTAL MEMORANDUM TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (Doc. No. 212) (Reply), UNITED STATES' SUR-REPLY TO DEFENDANT'S REPLY (DOC 212) CONCERNING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE RECOVERED PURSUANT TO SEARCH WARRANT (DOC 162) (Doc. No. 226), and DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' SUPPLEMENT TO MOTION TO SUPPRESS EVIDENCE SEIZED AT 1803 TIERRA DEL OSO (DOC. 162) (Doc. No. 234).

the warrant provides no substantial basis for concluding that probable cause existed." *United States v. Quezada-Enriquez*, 567 F.3d 1228, 1232 (10th Cir. 2009) (internal citation omitted).

There were obviously sufficient allegations in the warrant affidavit for a magistrate judge to conclude that evidence of drug trafficking would be found in Defendant's home. Defendant does not dispute that the allegations in the warrant affidavit, concerning wiretap evidence, suffice to show Defendant was engaged in drug trafficking. Nor does Defendant attack the opinions expressed by the affiant restating the "common sense [conclusion] that a drug supplier will keep evidence of his crimes at his home." *United States v. Sanchez*, 555 F.3d 910, 914 (10th Cir. 2009). Taken together these allegations formed a substantial basis for issuing a warrant to search Defendant's home. The Tenth Circuit has clearly declared that "when police officers have probable cause to believe that a suspect is involved in drug distribution, there is also probable cause to believe that additional evidence of drug-trafficking crimes (such as drug paraphernalia or sales records) will be found in his residence." *Id.*; *see also United States v. Biglow*, 562 F.3d 1272, 1283 (10th Cir. 2009) (an allegation that drug dealers often keep evidence related to their illegal activities at their homes provides the "additional evidence necessary to establish a nexus between [a] [d]efendant's suspected drug trafficking activities and his residence").

In his Reply, Defendant argues, for the first time, that Defendant's connection with 1803 Tierra del Oso, N.W. is attenuated and that the factual allegations in the warrant fail to support a finding that Defendant resided at this address. The warrant affidavit contains three allegations concerning Defendant and 1803 Tierra del Oso, N.W.: (1) as of June 10, 2013, Defendant was the current subscriber for electrical service at 1803 Tierra del Oso, N.W., (2) on May 9, 2013 at approximately 1:05 p.m. agents observed a vehicle registered to Defendant parked at the residence, and (3) on May 20, 2013 at approximately 6:45 a.m. agents again observed vehicles

3

registered to Defendant parked at the residence. These allegations provided a substantial basis for the magistrate judge to conclude Defendant resided at 1803 Tierra del Oso, N.W. *See United States v. Sanchez*, 725 F.3d 1243, 1249 (10th Cir. 2013) (holding that an affidavit, which stated law enforcement officials searched state and federal records and a telephone company's subscription records, established probable cause to believe the suspect lived at the home to be searched).

### B. Seizure of Cellphones

Next, Defendant argues that the portions of the warrant allowing law enforcement officials to search the cellphones in the house were insufficiently particular. Tenth Circuit precedent does not support this position. Under the Fourth Amendment, a warrant must particularly describe both the place to be searched and the things to be seized. *United States v. Brown*, 984 F.2d 1074, 1077 (10th Cir. 1993). Stated differently, a "search should be confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Id.* Whether a warrant is sufficiently "particular" is a practical determination. The test is one of reasonableness: is "the description . . . as specific as the circumstances and the nature of the activity under investigation permit"? *United States v. Leary*, 846 F.2d 592, 601 (10th Cir. 1988). The goal is to preclude "general, exploratory rummaging in a person's belongings." *Id.* at 600.

Here, the search warrant did not permit DEA agents to indiscriminately search all of the files contained on the cellphones found within the residence; rather the warrant authorized DEA agents to search for specific categories of evidence "in any medium," including "itemized telephone calls to other potential drug traffickers from the residential telephone and cellular telephones utilized or associated to the [co-conspirators] and others." Defendant does not argue

4

that the information sought, including information concerning telephone calls to other potential drug traffickers, was not evidence relevant to the crime of drug trafficking. Instead, Defendant appears to be contending that it was unreasonable for the agents to search every cellphone found within the residence for this type of information without regard to who owned the telephone. However, Defendant does not cite any authority for the proposition that there is <u>not</u> probable cause to believe evidence of telephone calls or texts related to drug trafficking would be found on the cellphones located in the residence of a suspected drug dealer. Because "[p]robable cause is a matter of probabilities and common sense conclusions, not certainties," *United States v. Martin*, 613 F.3d 1295, 1302 (10th Cir. 2010) (internal citation omitted), the Court declines to adopt such a position. *See also United States v. Reed*, No. 13-cr-29, 2013 U.S. Dist. LEXIS 142337, at *11-12 (D. Vt. Oct. 2, 2013) (unpublished) (rejecting the contention that a warrant was overbroad because it permitted the seizure of all cellphones found in the residence without any proof that each phone was used to commit a crime).

      The Court also rejects Defendant's claim that the warrant failed to adequately specify "what evidence [c]ould be sought from the phones." Reply at 11. This is a stilted reading of the search warrant, which clearly limited the discretion of law enforcement officials by directing them to search for specific categories of evidence, and only these categories, on the phones located in the residence. To the contrary, the cases cited by Defendant criticize the issuance of search warrants that empower law enforcement officials to conduct <u>unlimited</u> searches of cellphones, computers, and other electronic equipment. *See, e.g., United States v. Rosa*, 626 F.3d 56 (2d Cir. 2010) (holding that a search warrant which directed officers to seize and search electronic devices without providing them any guidance as to the type of evidence sought "lacked meaningful parameters" and constituted an unconstitutional, limitless search of the

suspect's electronic media); *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009) (acknowledging that "a warrant authorizing a search of 'any and all information and/or data' stored on a computer would be . . . the sort of wide-ranging search that fails to satisfy the particularity requirement" and explaining that Tenth Circuit case law requires a warrant for computer searches to "affirmatively limit the search to evidence of specific federal crimes or specific types of material"); *United States v. Burgess*, 576 F.3d 1078, 1091 (10th Cir. 2009) (recognizing the rule against unbounded computer searches and affirming the validity of a search of a computer where the search warrant was "limited to the kind of drug and drug trafficking information likely to be found on a computer").

These cases affirm the Court's conclusion. The search warrant for Defendant's residence did not permit law enforcement officials to rummage through all of the information contained on the cellphones found in the residence. It did not sanction law enforcement officials to conduct an unconstitutional "sweeping, comprehensive search of a computer's hard drive." *United States v. Walser*, 275 F.3d 981, 986-987 (10th Cir. 2001). In accordance with the particularity requirement, the search warrant clearly informed the officers "what it is they [were] seeking on the computer," *i.e.* evidence of drug trafficking activity such as bank statements evidencing the secreting of assets, records of drug distribution, contact between the co-conspirators and other drug traffickers. *Id.* (approving of a search warrant which authorized a search for electronic records of drug trafficking). Absent evidence that the agents exceeded these parameters, there is no need to suppress the seizure of the cellphones found in Defendant's residence.

The recent Supreme Court decision, *Riley v. California*, --- S.Ct.---, 2014 U.S. LEXIS 4497 (June 25, 2014), does not change the analysis. Unlike the search of the cellphones found in Defendant's residence, the search in *Riley* involved a **warrantless** inspection of a cellphone

seized from an arrestee. *Id.* at *9. Furthermore, the search of the cellphones seized from Defendant's residence complied with Defendant's understanding of *Riley*. Defendant argues that *Riley* requires law enforcement officers to obtain a warrant describing with particularity the nature of the records sought before searching a cellphone. Here, the agents satisfied this protocol by obtaining a warrant delineating the specific types of cellphone/computer records to be seized. *See Burgess*, 576 F.3d at 1091. Requiring the agents to obtain a second warrant restating these restrictions would simply waste judicial resources and law enforcement officers' time.

### C. Seizure of Documents Bearing the Name "Pablo Felix-Sicairos"

Defendant raises one final challenge to the search warrant: it allowed agents to seized any document "reflecting the names, addresses and/or telephone numbers pertaining to but not limited to the [co-conspirators] listed above." In accordance with this section and with another section which authorized the seizure of documents relating to the foreign and domestic travel of the co-conspirators, agents seized legal documents – a utility bill for 1604 Waters Drive, a Mexican passport, and a Mexican driver's license – bearing the name Pablo Felix-Sicairos. As Defendant points out, Pablo Felix-Sicairos is not named in the warrant affidavit; nor is 1604 Waters Drive ever mentioned in the allegations in support of the search warrant.

As the Court understands Defendant's position, he is challenging the seizure of the documents bearing the name "Pablo Felix-Sicairos" on the basis that the warrant improperly allowed agents to seize documents reflecting the names of any person. Defendant argues this directive is overly broad, as there is no logical reason to believe that every document in a home with a person's name is evidence of drug trafficking. In making this argument, however, Defendant appears to concede that the warrant appropriately authorized the seizure of documents bearing the names of the "charged co-conspirators." Motion at 17. In other words, the success of

Defendant's argument hinges upon whether Pablo Felix-Sicairos was a "co-conspirator" under the terms of the search warrant. Defendant maintains that he was not.

In its response, the Government agrees with Defendant in principle, but disputes Defendant's characterization of Pablo Felix-Sicairos. First, the Government acknowledges that a search warrant allowing agents "to seize any travel documents or documents related to whomever person they wished" would be an unconstitutional generalized warrant. Response at 16-17. Nonetheless, the Government claims that the warrant issued in this case contained "carefully circumscribed limits," as it empowered agents to seize only documents bearing the names of certain co-conspirators.[2] The Government then explains why it had reason to believe Pablo Felix-Sicairos was a co-conspirator within the meaning of the search warrant: during the course of the wiretap investigation, agents observed two suspects associated with the conspiracy who were known only as "El Peso" and "El Bofo." While the warrant affidavit does not mention "El Bofo," it does contain allegations concerning "El Peso." In any event, when agents searched Defendant's residence they found and seized a passport and a driver's license bearing a picture of a person they had previously seen and who they considered to be the co-conspirator nicknamed "El Peso." As it turns out, the seized documents belong to Pablo Felix-Sicairos. Thus, although the name Pablo Felix-Sicairos does not appear in the warrant affidavit, the warrant

---

[2] This is not completely accurate. The warrant affidavit permitted agents to seize documents "pertaining to but not limited to the [con-conspirators]." This is arguably overbroad as the plain language permits the seizure of all documents bearing the name of any individual whatsoever. However, as the Government explained, it did not seize the documents bearing the name of Pablo Felix-Sicairos under this overly broad language. Instead, it seized the documents under the provision permitting the seizure of documents associated with co-conspirators. Where a warrant contains both specific as well as unconstitutionally broad language, as long as the valid portions of the warrant may be "meaningfully severed" from the invalid portions and the valid portions "make up the greater part of the warrant," the broad portion may be redacted and the balance of the warrant considered valid. *United States v. Brown*, 984 F.2d 1074, 1077 (10th Cir. 1993); *United States v. Sells*, 463 F.3d 1148, 1155, 1158 (10th Cir. 2006). Any over-breadth in the warrant used to search Defendant's residence can be cured by striking the words "but not limited to" from paragraph 11.

authorized the seizure of documents bearing his picture because it authorized the seizure of documents belonging to co-conspirators including, "El Peso," an individual named in the warrant affidavit.

Although agents have since learned that Pablo Felix-Sicairos is not "El Peso" – his nickname was actually "El Bofo" or "El Fofo" – this does not retroactively invalidate the search. The search warrant authorized agents to seize documents bearing the names of co-conspirators, including an individual named "El Peso," who agents had visually observed, but not identified by name.[3] It was, therefore, lawful for agents to seize documents bearing this individual's photograph.

The Court acknowledges that it would have been better for the agent preparing the search warrant to identify, as best as possible, all known conspirators, including a brief description of those who had been visually observed but were not known by name. However, there is no evidence that, by neglecting to do so, the executing officer failed to act in objective good faith. In other words, this omission does not undermine "an objective good-faith belief that the warrant was properly issued." *See United States v. Danhauer*, 229 F.3d 1002, 1006-1007 (10th Cir. 2000) (evidence need not be suppressed when an officer reasonably relied on a search warrant); *United States v. Leary*, 846 F.2d 592, 607 (10th Cir. 1988) (even if a warrant is not as particular as it

---

[3] Defendant declined to cross-examine Agent Juan Carlos Bernal Vega, who prepared the warrant affidavit, about the reason for the seizure of the documents bearing the name Pablo Felix-Sicairos. Defendant takes the position that the Court cannot consider any evidence outside the four corners of the affidavit in ruling on Defendant's motion. The Court acknowledges that the Court must generally confine its attention to the warrant affidavit when evaluating a challenge to the facial sufficiency of the warrant. However, Defendant's attack on the seizure of the documents bearing the name Pablo Felix-Sicairos, while framed as a challenge to the breadth of the warrant, requires the Court to determine what section of the warrant agents relied on in seizing these documents. In other words, imbedded in Defendant's argument is a claim that Pablo Felix-Sicairos was not a co-conspirator. The representations of the agents involved in the investigation and search of Defendant's residence are relevant to this issue. Because Defendant has not disputed any of the factual representations of the Government, the Court will accept them as true.

could be, a court will not suppress the evidence seized under the warrant as long as agents have reasonably presumed the warrant to be valid). Here, the warrant included allegations about a heroin conspiracy and recounted phone conversations between various co-conspirators. It was not unreasonable for agents to rely on a warrant allowing them to seize documents pertaining to these co-conspirators, including those known only by nickname.

IT IS ORDERED that DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' MOTION TO SUPPRESS EVIDENCE DERIVED FROM 1803 TIERRA DEL OSO, N.W. ALBUQUERQUE, N.M. AND VARIOUS CELLULAR TELEPHONES SEIZED THEREFROM AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 162) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE