IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
        Plaintiff,

vs.

Cr. No. 13-2028 JAP

**MIGUEL BUSTAMANTE-CONCHAS,**
        Defendant.

**MEMORANDUM OPINION AND ORDER**

On June 25, 2014, Defendant Miguel Bustamante-Conchas filed a motion asking the Court to dismiss the superseding indictment, which was returned by the grand jury on June 24, 2014.[1] *See* DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' MOTION TO DISMISS THE SUPERSEDING INDICTMENT [DOC. NO. 196] BASED ON VINDICTIVE AND RETALIATORY PROSECUTION AND VIOLATIONS OF DUE PROCESS (Doc. No. 198) (Motion); REDACTED SUPERSEDING INDICTMENT (Doc. No. 196) (Superseding Indictment). Defendant argues that allowing the Government to proceed to trial on the charges in the superseding indictment would violate Defendant's due process rights, because the charges were filed in order to penalize Defendant for exercising his constitutional rights to a jury trial. The United States (the Government) opposes Defendant's Motion. *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION (DOC. 198) (Doc. No. 215). Because the Defendant has not shown that there is

---

[1] The Government has since obtained a second superseding indictment in order to correct a typographical error in the first superseding indictment which contained the word "methamphetamine" when it should have said "heroin." In order to reduce briefing, the Court informed the parties that it would treat Defendant's June 25, 2014 motion to dismiss the indictment as a motion to dismiss the amended superseding indictment, which was filed July 10, 2014. *See* REDACTED SECOND SUPERSEDING INDICTMENT (Doc. No. 250).

a realistic likelihood of vindictiveness and has not produced any evidence of actual vindictiveness, the Court will deny Defendant's Motion.[2]

## BACKGROUND

On June 12, 2013, a grand jury issued a one count indictment charging Defendant Bustamante-Conchas and four other defendants with conspiracy to distribute 100 grams and more of a mixture containing a detectable amount of heroin. *See* REDACTED INDICTMENT (Doc. No. 2). Over the course of the next year, the parties exchanged and reviewed discovery and engaged in plea negotiations. During these negotiations, the Government informed Defendant of its intent to seek a superseding indictment charging Defendant with a more serious drug trafficking offense, if plea negotiations failed. According to the Government its conditional decision to seek enhanced charges stemmed from the results of several searches, which were executed after the original indictment was returned.

Unsurprisingly, on June 24, 2014, after Defendant elected to proceed to trial, the Government sought and obtained a superseding indictment charging Defendant with conspiracy to distribute one kilogram and more of a mixture containing a detectable amount of heroin, a charge with an increased mandatory minimum sentence. Additionally, the superseding indictment contains a new charge against Defendant: possessing a firearm in furtherance of a drug trafficking crime. For the first time in the history of this case, the Government contends that Defendant is criminally liable for possessing a firearm found in June 2013, in the home of one of

---

[2] In ruling on this Motion, the Court also considered DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR VINDICTIVE PROSECUTION (Doc. No. 232), DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' AMENDED MOTION TO DISMISS THE SUPERSEDING INDICTMENT BASED ON VIOLATION TO HIS RIGHT TO DUE PROCESS AND SUPPLEMENT TO MOTION TO DISMISS FOR VINDICTIVE AND RETALIATORY PROSECUTION (Doc. No. 238), and DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE AND RETALIATORY PROSECUTION (Doc. No. 262).

the alleged co-conspirators, Baltazar Granados.[3] According to the Government, Defendant knew about the existence of this firearm because he personally provided it to Mr. Granados.

Defendant argues that the prosecution acted with a vindictive motive, *i.e.* with the intent to punish Defendant for exercising his constitutional right to a jury trial, in acquiring the superseding indictment. As evidence of this alleged vindictiveness, Defendant points to a USA Today news article, published on July 2, 2014, which names Defendant as a heroin trafficker and contains excerpts from an interview with DEA Special Agent Eduardo Chavez, a witness in this case. "Dealers inject business school basics in selling heroin," Exhibit A to DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' AMENDED MOTION TO DISMISS THE SUPERSEDING INDICTMENT BASED ON VIOLATIONS TO HIS RIGHT TO DUE PROCESS AND SUPPLEMENT TO MOTION TO DISMISS FOR VINDICTIVE AND RETALIATORY PROSECUTION (Doc. No. 238-1) (USA Today Article). Defendant contends that there is information in the article concerning wiretap conversations, which is not a matter of public record. Moreover, Defendant construes the article as an attempt by the Government to prejudice the prospective jury pool.

## DISCUSSION

Defendant emphasizes that it is a due process violation for the prosecution "to punish a person because he has done what the law plainly allows him to do." Motion at 4 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). On its face this statement of the law would seem to forbid the practice of inducing a defendant to plead guilty by threatening to indict the

---

[3] On June 19, 2014, the Government disclosed its intention to add a firearms charge to the superseding indictment based on a theory of co-conspirator liability. The Government explicitly stated that it would not be pursuing a theory of aiding and abetting liability. However, in contravention of this representation, the Government indicted Defendant for aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime. At the June 27, 2014 status conference, the Court inquired about the turnaround. According to the Government, it had obtained new evidence from a witness connecting Defendant with the firearm, thus, the change in position.

defendant on higher charges if the defendant chooses to go to trial. However, the Supreme Court has clearly rejected such an interpretation of the due process clause. *Id.* at 358 (holding that there is no due process violation " when a state prosecutor carries out a threat made during plea negotiations to reindict the accused on more serious charges if he does not plead guilty to the offense with which he was originally charged").

To prevail on a claim of vindictive prosecution, a defendant must show "either (1) actual vindictiveness or (2) a realistic likelihood of vindictiveness which gives rise to a presumption of vindictiveness." *United States v. Thomas*, 410 F.3d 1235, 1247 (10th Cir. 2005). Only once this showing is made does the burden shift to the government "to justify its charging decisions with legitimate, articulable, objective reasons." *Id.* In general, the Court determines whether a realistic likelihood of vindictiveness exists by appraising "the totality of the objective circumstances surrounding the prosecutorial decision." *Id.* (quoting *United States v. Contreras*, 108 F.3d 1255, 1263 (10th Cir. 1997)).

However, there is no need for a detailed evaluation of the circumstances surrounding the Government's decision to obtain a superseding indictment in this case, as the Supreme Court has clearly held that there is no presumption of vindictiveness when the prosecution indicts a defendant on higher (or different) charges after plea negotiations fail. *United States v. Goodwin*, 457 U.S. 368, 384 (1982) ("The possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so unlikely that a presumption of vindictiveness certainly is not warranted."). Significantly, Defendant has not produced any evidence to indicate that the facts of this case are "genuinely distinguishable from *Goodwin*." *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991) (explaining that the court is not

4

required to conduct a totality of the circumstances analysis unless the facts are materially different from those in *Goodwin*).

Defendant merely identifies one superficial difference. Unlike in *Goodwin*, a national newspaper published an article quoting an agent who worked on this case, summarizing court records, and concluding that "intercepted cellphone calls" show Defendant kept in daily contact with Baltazar Granados, a co-defendant who has pled guilty to "stashing more than a kilogram of heroin in his home." USA Today Article at 9. However, Defendant has presented mere speculation and has not produced any evidence linking the USA Today article with the prosecution's decision to re-indict. To the contrary, the Government has provided the Court with an affidavit of Special Agent Chavez stating that the DEA interviews with USA Today occurred between June 9, 2014 and June 11, 2014, prior to Defendant's decision to proceed to trial. Given this evidence, the Court cannot rationally infer that there is a realistic likelihood of vindictiveness based only on the temporal proximity of the superseding indictment and the article. The Court considers the Defendant's argument based on the article to be a red herring.

Aside from the USA Today news article, Defendant complains that there is realistic likelihood of vindictiveness because there was no "give and take" during the plea negotiation process. But, the same can be said of *Goodwin*, where the defendant was not given notice of the prosecutor's intent to increase the charges if plea negotiations failed. *Goodwin*, 457 U.S. at 391-392 (Brennan, J., dissenting) ("There was no ongoing 'give-and-take negotiation' between respondent and the Government, and there was the 'unilateral imposition of a penalty' in response to respondent's choice 'to exercise a legal right.'"). In other words, Defendant's dissatisfaction with the Government's unwillingness to compromise does not indicate that there was a realistic likelihood of vindictiveness. To hold otherwise would "contradict the very

premises that underlie the concept of plea bargaining itself," *Bordenkircher*, 434 U.S. at 365,[4] and would pointlessly encourage prosecutors to indict a defendant on the most serious possible charges and then offer concessions during the plea negotiation process.[5]

Because there is no presumption of vindictiveness in this type of case, the Court must deny Defendant's Motion unless Defendant produces evidence of actual vindictiveness. This, Defendant has not done. Defendant rests his claim of actual vindictiveness on the same facts that he claims demonstrate a realistic likelihood of vindictiveness: the timing of events and the perceived refusal of the Government to negotiate fairly. Neither argument is persuasive. In *Bordenkircher*, the Supreme Court declared that there was no "element of punishment or retaliation" in the prosecution leveraging the threat of additional charges "so long as the accused is free to accept or reject the prosecution's offer," which Defendant was surely at liberty to do. *Bordenkircher*, 434 U.S. at 363. Stated differently, the Supreme Court has "necessarily accepted as constitutionally legitimate . . . the prosecutor's interest at the bargaining table [in]. . . persuad[ing] the defendant to forgo his right to plead not guilty." *Id.* at 364. While it seems clear that the Government sought higher charges against Defendant because he refused to plead guilty, the Court cannot label this motive "vindictive."

The publication of the USA Today article adds nothing to the analysis. To prove actual vindictiveness, Defendant carries an onerous burden. He must demonstrate that the prosecution's charging decision was motivated by "genuine animus." *United States v. Sanders*, 211 F.3d 711,

---

[4] The Supreme Court has recently reiterated that "criminal justice today is for the most part a system of pleas, not a system of trials." *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012).
[5] Defendant argues that *United States v. Wood*, 36 F.3d 945, 946 (10th Cir. 1994) determines the outcome in this case. In *Wood*, the Tenth Circuit considered a decision to re-indict a defendant after the initial trial had occurred. Clearly, *Wood* is inapposite; "[a] change in a charging decision made after an initial trial . . . is much more likely to be improperly motivated than is a pre-trial decision." *Id.* In fact, based on the Supreme Court's reluctance to impose a presumption of prosecutorial vindictiveness in the pretrial context, the Tenth Circuit recognizes "a distinction between claims of prosecutorial vindictiveness occurring pre-trial and post-trial." *United States v. Wall*, 37 F.3d 1443, 1448 (10th Cir. 1994).

717 (2d Cir. 2000); *see also United States v. Battles*, 745 F.3d 436, 459 (10th Cir. 2014) (in assessing vindictiveness, a court should look for "evidence of hostility or punitive animus toward the defendant"); *United States v. Jarrett*, 447 F.3d 520, 527 (7th Cir. 2006) ("In order to succeed on a claim of prosecutorial vindictiveness, a defendant must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus . . .") (internal citation omitted). This normally requires "direct evidence," such as statements by the prosecutor. *United States v. Saltzman*, 537 F.3d 353, 364 (5th Cir. 2008) (quoting *United States v. Johnson*, 221 F.3d 83, 94 (2d Cir. 2000)).

    Here, the prosecutors denied having any knowledge of the article or Special Agent Chavez's interview at the time the superseding indictment was obtained. Moreover, the evidence shows that Special Agent Chavez's statements to USA Today, which Defendant claims were motivated by vindictiveness, occurred before Defendant decided to proceed to trial. However, even if this were not the case, Defendant still bears the burden of showing that ill will was the impetus behind the prosecution. In other words, the Court cannot simply impute the behavior of Special Agent Chavez to the prosecutors who sought the superseding indictment. *See United States v. Monsoor*, 77 F.3d 1031, 1035 (7th Cir. 1996) ("[T]o connect the animus of a referring agency to a federal prosecutor, a defendant must establish that the agency in some way prevailed upon the prosecutor in making the decision to seek an indictment."). Defendant has failed to make any showing that Special Agent Chavez influenced the prosecutorial charging decision.

    At a status conference on July 8, 2014, the Court inquired about whether there was any need for an evidentiary hearing. Defendant stated that one was necessary, while the Government retorted that the meager evidence presented by Defendant did not warrant hauling Special Agent Chavez and the USA Today reporter into court. After reviewing the pertinent law, the Court has

concluded that the Government is right: Defendant has not made a sufficient showing to justify an evidentiary hearing.

In general, the decision to hold an evidentiary hearing "is vested in the broad discretion of the district court[]." *United States v. Tucker*, 298 F. App'x 794, 799 (10th Cir. 2008) (unpublished). While there does not appear to be any controlling Tenth Circuit opinion concerning the standard for granting an evidentiary hearing on the issue of prosecutorial vindictiveness, the Tenth Circuit generally requires the Defendant to make "a substantial threshold showing" of a constitutional violation before it will permit discovery or hold an evidentiary hearing concerning prosecutorial decision-making. *United States v. Berger*, 251 F.3d 894, 907 (10th Cir. 2001) (as with other prosecutorial decisions, although a court may review a prosecutor's refusal to file a motion for a downward departure, a defendant does not have a right to evidence concerning the prosecutor's decision unless the defendant makes "a substantial threshold showing" of a constitutional violation). Similarly, other courts that have addressed this issue have found that a defendant is not entitled to a hearing until he makes a prima facie claim of vindictiveness. *See United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003) (explaining that a litigant must "offer sufficient evidence to raise a reasonable doubt that the government acted properly in bringing" the indictment to obtain an evidentiary hearing); *United States v. Lanoue*, 137 F.3d 656, 665 (1st Cir. 1998) (holding that a court must grant an evidentiary hearing if "a defendant can point to specific facts that raise a likelihood of vindictiveness."); *United States v. Simpson*, 226 F. App'x 556, 560 (6th Cir. 2007) (unpublished). The Court finds that Defendant has failed to make the requite showing. Defendant has produced neither direct evidence of animus nor strong circumstantial evidence of ill will on the part of the prosecutors. Defendant's arguments concerning suspicious timing and Defendant's continued speculation

about the Government's motives, despite the prosecutors' assurances that they were ignorant of the USA Today article, do not constitute an adequate threshold showing of a constitutional violation.

IT IS ORDERED THAT: DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' MOTION TO DISMISS THE SUPERSEDING INDICTMENT [DOC. NO. 196] BASED ON VINDICTIVE AND RETALIATORY PROSECUTION AND VIOLATIONS OF DUE PROCESS (Doc. No. 198) is denied.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE