IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
          Plaintiff,

   vs.

                                  Cr. No. 13-2028 JAP

**MIGUEL BUSTAMANTE-CONCHAS,**
          Defendant.

## MEMORANDUM OPINION AND ORDER

In DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' AMENDED MOTION TO
DISMISS THE SUPERSEDING INDICTMENT BASED ON VIOLATIONS TO HIS RIGHT
TO DUE PROCESS AND SUPPLEMENT TO MOTION TO DISMISS FOR VINDICTIVE
AND RETALIATORY PROSECUTION (Doc. No. 238) (Motion) Defendant Miguel
Bustamante-Conchas (Defendant) asks the Court to dismiss the superseding indictment "for
violations to his Constitutional right to Due Process." Defendant makes three distinct arguments:
(1) pretrial publicity, in the form of a USA Today article naming Defendant, has prejudiced
Defendant and warrants dismissal of the superseding indictment, (2) the Government is
responsible for this pretrial publicity, thus, the Court should exercise its inherent supervisory
powers to sanction the Government for this "egregious" conduct, and (3) the Government's
involvement with USA Today is evidence of its vindictive motive in prosecuting Defendant. The
Government opposes the Motion.

      After reviewing the briefing and the pertinent law, the Court has concluded that
Defendant's first two arguments are without merit. Moreover, Defendant's claim that the
prosecution acted vindictively in obtaining the superseding indictment is the subject of another

motion that the Court recently decided. *See* DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' MOTION TO DISMISS THE SUPERSEDING INDICTMENT [DOC. NO. 196] BASED ON VINDICTIVE AND RETALIATORY PROSECUTION AND VIOLATIONS OF DUE PROCESS (Doc. No. 198); MEMORANDUM OPINION AND ORDER (Doc. No. 271). Thus, as Defendant recognizes, his third argument is a supplement to this related motion; it is not a new request that needs to be addressed separately. For this reason, in this MEMORANDUM OPINION AND ORDER, the Court will limit its attention to Defendant's first two arguments, both of which the Court finds unpersuasive.

## DISCUSSION

### A.  Pretrial Publicity

Under the Sixth Amendment, the accused enjoys the right to a trial by an impartial jury. *Gardner v. Galetka*, 568 F.3d 862, 888 (10th Cir. 2009). As Defendant points out, the Court may presume a violation of this right has occurred (or will occur) if pervasive and inflammatory pretrial publicity corrupts the trial atmosphere, which Defendant contends has happened in this case. *See House v. Hatch*, 527 F.3d 1010, 1023 (10th Cir. 2008) ("[P]rejudice is presumed where pretrial publicity is so pervasive and prejudicial that we cannot expect to find an unbiased jury pool in the community."). However, when the issue of pretrial publicity is raised prior to trial and the Court concludes the extent of the publicity is such that the Court could not expect to find an unbiased jury pool in the community, the appropriate remedy is a change of venue, which Defendant has not requested. *See id.* (when prejudice is presumed the "trial court is permitted to transfer venue without conducting voir dire of prospective jurors").

Instead, Defendant argues that the Court should dismiss the superseding indictment to prevent any prejudice to Defendant resulting from a USA Today article published July 2, 2014.

This article discusses the heroin trade in Albuquerque, names Defendant as an alleged heroin trafficker, explains that some of his co-conspirators have pled guilty, and outlines the Government's theory of the case. *See* Exhibit A to DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' AMENDED MOTION TO DISMISS THE SUPERSEDING INDICTMENT BASED ON VIOLATIONS TO HIS RIGHT TO DUE PROCESS AND SUPPLEMENT TO MOTION TO DISMISS FOR VINDICTIVE AND RETALIATORY PROSECUTION (Doc. No. 238-1) (Article entitled "Dealers inject business school basics in selling heroin"). Oddly, Defendant does not ask the Court to dismiss the original indictment, which also charged Defendant with conspiring to distribute heroin. In other words, Defendant does not raise any due process objection to proceeding to trial in Albuquerque on a charge that Defendant conspired to distribute 100 grams or more of heroin. Since Defendant appears to believe that he can receive a fair and impartial trial on this charge, the Court sees no reason to suppose Defendant cannot receive a fair and impartial trial on the charges contained in the superseding indictment: (1) conspiracy to distribute one kilogram or more of heroin, (2) possession with intent to distribute this heroin, and (3) possession of a firearm in furtherance of a drug trafficking crime. *See* REDACTED SECOND SUPERSEDING INDICTMENT (Doc. No. 250).

Even if Defendant had requested the dismissal of both indictments or, for that matter, a change in venue, the Court would find that he had failed to establish that these remedies were warranted. "[T]he bar facing the defendant wishing to prove presumed prejudice from pretrial publicity is extremely high." *United States v. McVeigh*, 153 F.3d 1166, 1181 (10th Cir. 1998) (overruled on other grounds by *Hooks v. Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999)). The mere existence of unfavorable publicity is insufficient to establish that the parties will be unable to select an unbiased jury. *United States v. Cooper*, 464 F.2d 648, 655 (10th Cir. 1972). "Prejudice

3

will only be presumed where publicity created either a circus atmosphere in the court room or a lynch mob mentality such that it would be impossible to receive a fair trial." *Gardner*, 568 F.3d at 888. The Tenth Circuit has recognized that pretrial publicity is unavoidable; the publication of one news article about a case is not sufficient to require court intervention prior to jury selection. *Id.* at 889. Here, the Court is confident that the parties will be able to select an impartial jury through proper questioning and excusal of prospective jurors who may have been exposed to the article.

### B.  Sanctions for Egregious Conduct

Defendant also asks the Court to exercise its inherent supervisory powers to dismiss the indictment in order to remedy the "public disclosure of the detailed information about the investigation in this case." Motion at 11. "The purposes underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized rights, to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury, and finally, as a remedy designed to deter illegal conduct." *United States v. Hasting*, 461 U.S. 499, 505 (1983) (internal citations omitted). However, as the cases cited by Defendant recognize, "a federal court may not exercise its supervisory authority to reverse a conviction or dismiss an indictment absent prejudice to the defendant." *United States v. Tucker*, 8 F.3d 673, 674 (9th Cir. 1993). As discussed above, Defendant has not established that a "huge . . . wave of public outrage and passion" will swamp the jury pool and undermine Defendant's right to a fair and impartial jury. Motion at 12.

IT IS THEREFORE ORDERED that DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' AMENDED MOTION TO DISMISS THE SUPERSEDING INDICTMENT BASED ON VIOLATIONS TO HIS RIGHT TO DUE PROCESS AND SUPPLEMENT TO

MOTION TO DISMISS FOR VINDICTIVE AND RETALIATORY PROSECUTION (Doc.

No. 238) is denied.

_____

SENIOR UNITED STATES DISTRICT JUDGE