# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MIGUEL BUSTAMANTE-CONCHAS,**
    Petitioner,

vs.        No. 18-CV-0821 JAP/KK
        13-CR-2028

**UNITED STATES OF AMERICA**,
    Respondent.

## MEMORANDUM ORDER AND OPINION

On August 27, 2018, Miguel Bustamante-Conchas filed a motion under 28 U.S.C. § 2255, asking the Court to vacate his sentence because his federal conviction violated his constitutional right to effective assistance of counsel.[1] On September 27, 2018, Bustamante-Conchas filed a memorandum in support of his Motion.[2] Respondent the United States responded.[3] The Court has reviewed the Motion, Memorandum, Response and applicable law. For the reasons explained below, the Court will deny Bustamante-Conchas's Motion without an evidentiary hearing.

### I.     BACKGROUND AND PROCEDURAL HISTORY

Three Tenth Circuit Court of Appeals opinions as well as rulings by this Court have thoroughly documented the facts of this case. *See, e.g., United States v. Bustamante-Conchas*, 832 F.3d 1179 (10th Cir. 2016) (*Bustamante-Conchas I*), *rev'd on reh'g en banc*, 850 F.3d 1130 (10th Cir. 2017) *(Bustamante-Conchas II)*; *United States v. Bustamante-Conchas*, 735 F. App'x. 515 (10th Cir. May 24, 2018)

---

[1] *See* MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Doc. 458) (Motion). Although this is a civil case (file number 18-CV-0821), all motions are filed in the criminal case (13-CR-2028) and will be cited under the numbers in which they appear in the criminal docket.
[2] *See* MEMORANDUM OF LAW IN SUPPORT OF MIGUEL BUSTAMANTE-CONCHAS' PETITION TO VACATE JUDGMENT AND SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 461) (Memorandum).
[3] *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. 460) (Response).

(*Bustamante-Conchas III*). Here, the Court states only those facts necessary for resolving the issues before it.

Bustamante-Conchas and Baltazar Granados (Granados) trafficked heroin in the Albuquerque, New Mexico area. The pair both distributed and cooked heroin at Granados' home. Bustamante-Conchas and Granados kept heroin and cash in various homes controlled or owned in the Albuquerque area by Bustamante-Conchas, Granados, and Granados's wife, Olga Fabiola Rosales-Acosta (wife).

In 2013, Drug Enforcement Administration agents (agents) arrested Bustamante-Conchas and Granados. Contemporaneous with the arrest, agents executed a search warrant at Bustamante-Conchas's homes and at other properties owned or rented by Bustamante-Conchas, Granados, and Granados's wife. The police found over two hundred grams of heroin in Bustamante-Conchas's homes and almost ten kilograms of heroin in the properties owned or rented by Granados and his wife. During the search, agents also seized all cellular telephones found in the homes.

The Government charged Bustamante-Conchas, Granados, and three other co-defendants, Angel Miramontes-Cruz, Ramon Cabrales-Guerra, and Ruben Garcia-Miranda with various federal crimes associated with heroin trafficking.[4] At some time during the ensuing criminal proceedings, Bustamante-Conchas's co-defendants signed plea agreements. The Government then obtained a superseding indictment against Bustamante-Conchas. Prior to trial, Bustamante-Conchas's trial counsel filed a motion to suppress evidence obtained from the telephones, arguing that the warrant was not particular.[5] The Court denied the motion to suppress.[6]

After trial, the jury found Bustamante-Conchas guilty of conspiracy and intent to distribute one kilogram or more of heroin under 21 U.S.C. § 841(a)(2). Before the charge under § 841(a)(2) went to the

---

[4] Two co-conspirators, Joel Nunuz-Haros and Pablo Felix Sicairos were separately charged.
[5] See DEFENDANT MIGUEL BUSTAMANTE-CONCHAS' MOTION TO SUPPRESS EVIDENCE DERIVED FROM 1803 TIERRA DEL OSO, N.W. ALBUQUERQUE, NM AND VARIOUS CELLULAR TELEPHONES SEIZED THEREFROM AND MEMORANDUM IN SUPPORT THEREOF (Doc. 162) (Motion to Suppress).
[6] See MEMORANDUM OPINION AND ORDER (Doc. 241) (MOO).

jury, Bustamante-Conchas's trial counsel did not request a special jury verdict form asking the jury to find beyond a reasonable doubt an explicit quantity of narcotics attributed to Bustamante-Conchas.

Before sentencing, Bustamante-Conchas gave evidence about his difficult childhood. At the sentencing hearing, Bustamante-Conchas disputed certain facts in the presentencing report (PSR), including its calculation of drug quantity. The PSR calculated a drug quantity of 12.84 kilograms of heroin, which included all drugs and cash found at the homes of Bustamante-Conchas, Granados, and Granados' wife. Based on that quantity, and enhancements for firearm possession and keeping a place for distributing drugs, Bustamante-Conchas's offense level was 40 and his criminal history category was 1, resulting in a Sentencing Guideline range of 292 to 365 months. At the sentencing hearing, the Court heard testimony and argument. Without giving Bustamante-Conchas an opportunity to allocute, the Court found that Sentencing Guideline range was 292 to 365 months. After finding that Bustamante-Conchas had a difficult childhood, the Court varied downward and sentenced Bustamante-Conchas to 240 months imprisonment.

Bustamante-Conchas timely appealed the drug quantity attributed to him, the dangerous weapon enhancement, and the absence of a chance to allocute before sentencing. Bustamante-Conchas did not appeal the Court's denial of his motion to suppress. In *Bustamante-Conchas I*, a Tenth Circuit panel affirmed the Court on the first two issues but divided on the allocution issue. *Bustamante Conchas I*, 832 F.3d at 1186-87. After *en banc* review on the allocution issue only, in *Bustamante-Conchas II*, the Tenth Circuit vacated Bustamante-Conchas's sentence and remanded for resentencing. *Bustamante-Conchas II*, 850 F.3d at 1144.

At resentencing, the Court orally said that while sentencing all four of Bustamante-Conchas's co-defendants and the two separately charged co-conspirators in this case, it had reviewed each defendants' PSR. The Court heard Bustamante-Conchas's allocution, then adopted its earlier findings about the enhancements and the drug quantity and once again found a Guidelines range of 292 to 365 months. After the Court found Bustamante-Conchas's allocution "sincere and contrite," and after the Court reiterated that it had considered the PSRs of the co-defendants and separately charged defendants, the Court

3

sentenced Bustamante-Conchas to 216 months imprisonment. During resentencing, Bustamante-Conchas did not object to the Court's consideration of the third-party PSRs.

Bustamante-Conchas appealed after resentencing, arguing that the district court erred by relying on the PSRs without giving him prior notice and an opportunity to respond in violation of Federal Rule of Criminal Procedure 32(i)(1)(B) and Rule 32(i)(1)(C).

On June 15, 2018, the Tenth Circuit entered *Bustamante Conchas III*, affirming the district court. *Bustamante-Conchas III*, 735 F. App'x at 517.

Now, Bustamante-Conchas seeks a writ from this Court under 28 U.S.C. § 2255 arguing that he received ineffective assistance of counsel during his first trial, his first appeal, and his resentencing.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court for release based on the argument "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion, "[u]nless the motion, and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). An evidentiary hearing is only proper if a petitioner's facts are "specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Hatch v. Okla.*, 58 F.3d 1147, 1157 (10th Cir. 1995) (quotations and citations omitted).

Bustamante-Conchas premises his § 2255 motion on an alleged violation of his Sixth Amendment rights. Under the Sixth Amendment, a criminal defendant has the right "to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, Bustamante-Conchas must show: (1) that his "counsel's representation fell below an objective standard of reasonableness"; and (2) that the deficient representation prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). Courts often identify these prongs as the performance and the prejudice prong. *See, e.g.*, *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

Under the performance prong, an attorney's performance will be deficient when if falls outside "the wide range of reasonable competent assistance." *Strickland*, 466 U.S. at 689. Courts must be deferential when

evaluating an attorney's performance and begin with the presumption that counsel's conduct was reasonable as "sound trial strategy." *Id*. To that end, a court must evaluate the challenged conduct from the attorney's viewpoint at the moment of the alleged error and avoid the "distorting effects of hindsight." *Id.*

The prejudice prong is met only when a petitioner shows that his counsel's deficient performance actually prejudiced his defense. A lawyer prejudices a petitioner's defense when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is a material error that is "sufficient to undermine confidence in the outcome." *Id.* A court may address the prejudice and performance prongs in any order. *Id.* Failure to prove either is fatal to the claim. *Id.* at 697.

### III. ANALYSIS

Bustamante-Conchas makes three arguments on his ineffective assistance of counsel claim. First, he argues that his trial counsel was ineffective when she did not request a special verdict form so that the jury could find a specific drug quantity beyond a reasonable doubt. Next, he argues that his appellate counsel was ineffective when counsel decided not to appeal the district court's denial of the motion to suppress information found on cellular telephones. He bases his third argument on his counsel's failure during sentencing to object to the Court's usage of third-party PSRs.

#### A. *Evidentiary Hearing is Not Warranted*

As a preliminary matter, the Court must decide whether an evidentiary hearing is warranted on this motion. Here, Bustamante-Conchas has not alleged any new facts or evidence not in the record. Moreover, Bustamante-Conchas has not shown anything in the record in this case that corroborates his arguments. Therefore, the Court finds an evidentiary hearing is not warranted.

#### B. *Counsel Was Not Ineffective at Trial*

A jury found Bustamante-Conchas guilty of conspiracy and intent to distribute one kilogram or more of heroin in violation of § 841(a)(2). In finding Bustamante-Conchas guilty, the jury specifically found a heroin drug quantity of one kilogram or more. Penalties for a violation of § 841(a)(2) are listed in § 841(b). A conviction under § 841(a)(2) for one or more kilograms of heroin statutorily mandates a minimum sentence of ten years and a maximum of life. § 841(b)(1)(A)(i).

Bustamante-Conchas asserts that a jury finding of one kilogram or more of heroin is not specific enough. Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Bustamante-Conchas argues that because the amount of heroin is relevant at sentencing, his counsel erred by not requesting a special interrogatory so the jury could determine the exact quantity of heroin beyond a reasonable doubt. In making this argument, Bustamante-Conchas misreads *Apprendi.*

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that *increases* the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 480-81 (emphasis added). *Apprendi* applies only to facts that *increase* the prescribed *statutory maximum*. For that reason, the Tenth Circuit has found that when a defendant is charged under § 841(a)(2), there is "no reason to extend the law to require drug quantities to be submitted to a jury in an interrogatory or special-verdict form." *Solis*, ----- F. App'x -----, 2018 WL 3996501, at *3 (10th Cir. August 21, 2018). Because a jury convicts only after a finding of a drug quantity of one kilogram or more, and § 841(b) mandates a maximum and minimum sentence for a § 841(a)(2), the jury need not be more specific.

Bustamante-Conchas's statutory minimum for his heroin offense was ten years and the maximum was life. No fact found by the jury in a special verdict form would have or could have changed his statutory maximum. When his counsel did not request a special verdict form, her failure to do so was not outside objective standards of reasonableness. Nor did she prejudice his defense, because his sentence was within the statutory maximum.

### C. Counsel Was Not Ineffective on Appeal

Bustamante-Conchas contends that his counsel should have argued on direct appeal that the district court erred when it denied Bustamante-Conchas's motion to suppress the contents of cell phones seized under a warrant. According to Bustamante-Conchas, the cell phone search was improper because the warrant was not particular as to the phones. Bustamante-Conchas asserts that his counsel did not pursue this issue on appeal although Bustamante-Conchas asked counsel to do so. In opposition, the Government states that the law does not support Bustamante-Conchas's particularity argument and therefore, his counsel could not be ineffective for not arguing it on appeal. The Court agrees with the Government.

"When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, [the court] look[s] to the merits of the omitted issue." *Hammon v. Ward*, 466 F.3d 919, 927 (10th Cir. 2006). Appellate counsel is not ineffective for not raising an issue without merit. *United States v. Barrett*, 797 F.3d 1207, 1220 (10th Cir. 2015). Under the circumstances of this case, Bustamante-Conchas's counsel did not err.

The particularity condition in the Fourth Amendment is meant to prevent officers from conducting a "worrisome exploratory rummaging" of a person's belongings. *United States v. Christie*, 717 F.3d 1156, 1164 (10th Cir. 2013). If a warrant identifies the items that may be seized, it is sufficiently particular. "[W]arrants may pass the particularity test if they limit their scope either to 'evidence of specific federal crimes or [to] specific types of material.'" *Id.* at 1165 (quoting *United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir. 2005)). The Tenth Circuit has found that this approach extends to cell phones. *United States v. Russian*, 848 F.3d 1239, 1245 (10th Cir. 2017).

Bustamante-Conchas argues that the warrant was not particular because it did not name the exact evidence for which the agents searched. However, Bustamante-Conchas's arguments only reiterate points already argued in the suppression motion previously rejected by the Court.[7] When considering Bustamante-Conchas's suppression motion, the Court found that the warrant was sufficiently particular because the warrant authorized agents to search for categories of evidence involving only crimes related to drug trafficking activity. *See* MOO (Doc. 241) at 6. Here, Bustamante-Conchas has introduced no new arguments or evidence showing that the Court's original holding was in error.[8] Because there is no merit to Bustamante-Conchas's particularity argument, Bustamante-Conchas did not receive ineffective assistance when on direct appeal his attorney did not assert it.

---

[7] *Compare* Motion to Suppress (Doc. 162) at 10-17 *with* Memorandum (Doc 461) at 3-8.
[8] In his Memorandum, Bustamante-Conchas raises *Riley v. California*, 134 S. Ct. 2473 (2014) and argues that this case is precedential because it "changed the landscape for the seizure and search of cellular telephones across the nation." Memorandum (Doc. 461) at 7. However, the Court discussed *Riley* in its MOO and distinguished it on the basis that *Riley* addresses only whether a warrantless seizure incident to arrest violated the warrant requirements of the Fourth Amendment. MOO (Doc. 241) at 6-7. The holding is not relevant to the facts in this case.

*D. Counsel Was Not Ineffective at Sentencing*

Bustamante-Conchas's final argument focuses on his counsel's failure to object during sentencing to the Court's consideration and reliance on the third-party PSRs. While previously Bustamante-Conchas has not brought this argument under the rubric of ineffective assistance of counsel, he raised this argument in a direct appeal as an error of due process. In that appeal, Bustamante-Conchas argued that the district court erred when it considered the third-party PSRs because it had not given notice of its intent to use them and it relied on them.

In *Bustamante-Conchas III*, the Tenth Circuit found that this Court had relied on the third-party PSRs, but Bustamante-Conchas had received notice it would do so. Bustamante-Conchas effectively received notice when at the beginning of the resentencing, this Court announced it had considered the third-party PSRs. *Bustamante-Conchas III,* 735 F. App'x at 518. Accordingly, Bustamante-Conchas had an opportunity to respond and object but did not do so. *Id.* at 519. The Tenth Circuit further observed that because Bustamante-Conchas knew that this Court had previously sentenced his co-defendants and co-conspirators, "it should have come as no surprise to Bustamante-Conchas that the judge had, at one time or another, reviewed the third-party PSRs." *Id.*

Next, the Tenth Circuit found that even if Bustamante-Conchas did not receive notice of the district court's intent to consider the third-party PSRs, any resulting error was not plain.[9] *Id.* The Tenth Circuit reasoned that this case was unique because this Court's consideration of those PSRs at the resentencing hearing did not change findings made at the first sentencing hearing about drug quantity and enhancements. *Id.* Significantly, the Tenth Circuit had affirmed those previous findings in *Bustamante-Conchas I* and had remanded to this Court only on the allocution issue. *Id.* The Tenth Circuit also noted that there is no precedent on point on the use of third-party PSRs. *Id*. at 519-20.

---

[9] Bustamante-Conchas argues that the Tenth Circuit "prejudiced Mr. Bustamante since on appeal, the Court of Appeals refused to review this issue for plain error." Memorandum (Doc. 461), at 11. However, in *Bustamante-Conchas III*, the Tenth Circuit explicitly reviewed this issue for plain error. *See Bustamante-Conchas III*, 735 F. App'x at 519.

*Bustamante-Conchas III* precludes Bustamante-Conchas's arguments here. Because the Tenth Circuit found that the Court had not committed plain error in considering the third-party PSRs, Bustamante-Conchas's counsel cannot have been ineffective by not objecting to this Court's consideration of them. Even if Bustamante-Conchas's counsel had committed error, Bustamante-Conchas cannot show that he was prejudiced by that error as the Tenth Circuit previously had affirmed the district court's conclusions about drug quantity and enhancements in *Bustamante-Conchas I* and his resentencing did not change those findings.

IT IS THEREFORE ORDERED THAT Bustamante-Conchas's MOTION UNDER 28 U.S.C. § 2255 (Doc. 458) is DISMISSED with prejudice. A Final Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE